2011R01142/BU/SD/lk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas, U.S.D.J. |
| v. | : | Crim No. 13-442 (ES) |
| JUNG Y. CHOI, | : | **FINAL ORDER OF FORFEITURE** |
| Defendant. | : | |

WHEREAS, on or about July 2, 2013, defendant Jung Y. Choi, pursuant to a plea agreement with the United States, pled guilty to a one count Information (the "Information"), charging her with knowingly and intentionally conspiring with others to launder money, in violation of 18 U.S.C. § 1956(h) (Count One);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1956(h) shall forfeit to the United States of America all property, real and personal, involved in such offense and any property traceable thereto;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982, all of her right, title and interest in any property, real or personal, involved in the offense alleged in Count One of the Information to which defendant Jung Y. Choi has pleaded guilty, and any property traceable to such property;

WHEREAS, in the plea agreement the defendant agreed to forfeit all of her right, title and interest in the following specific property, representing property, real or personal, involved in the money laundering conspiracy offense, and property traceable to such property:

> The real property known as 522 Closter Dock Road, Closter, New Jersey inclusing all appurtenances, imporvements fixtures, attachments and easements thereon (the "Specific Property");

WHEREAS, the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) as property involved in the money laundering conspiracy offense, to which the defendant pleaded guilty;

WHEREAS, on or about July 2, 2013, the Court entered a Consent Judgment and Preliminary Order of Forfeiture, which forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(1), all of the defendant's right, title and interest in the Specific Property;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 18 U.S.C. § 982) and Rule 32.2(b) of the Federal Rules of Criminal Procedure require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under Section 853(n) before the United States may have clear title to such property;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), a Notice of Forfeiture with respect to the Specific Property was posted on an official government internet site, namely www.forfeiture.gov, beginning on August 13, 2013, and running for thirty (30) consecutive days through September 11, 2013, as permitted by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions. Proof of publication was filed with the Court on or about February 20, 2020;

WHEREAS, the published notice explained that any person asserting a legal interest in the Specific Property was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed, following the expiration of the period for the filing of such petitions, the United States would have clear title to the Specific Property, in accordance with Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property where no petitions for a hearing to contest the forfeiture have been filed within sixty (60) days after the first day of publication on an official internet government forfeiture site and no timely petitions were filed by persons who were sent direct notice of the forfeiture, in accordance with the procedures prescribed in Supplemental Rule G(5)(a)(ii)(B);

WHEREAS, no petitions were filed or made in this action as to the Specific Property, no other parties have appeared to contest the action as to the Specific Property to date, and the statutory time periods in which to do so have expired; and

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States is therefore entitled to have clear title to the Specific Property and to warrant good title to any subsequent purchaser or transferee.

NOW, THEREFORE, on the application of Craig Carpenito, United States Attorney for the District of New Jersey (Brian Urbano, Assistant United States Attorney, appearing),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the following property is hereby forfeited to the United States of America for disposition according to law:

> The real property known as 522 Closter Dock Road, Closter, New Jersey inclusing all appurtenances, imporvements fixtures, attachments and easements thereon.

2. The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

SO ORDERED this 21st day of February, 2020.

HONORABLE ESTHER SALAS
United States District Judge